J. T. HAYS, Appellant, v. LATHROP BANK, Respondents.

Kansas City Court of Appeals, May 2, 1898.

Bills and Notes: CHECK V. BILL: STATUTE. A customer's check on his bank is not an inland bill of exchange within the purview of section 724, Revised Statutes 1889.

*Appeal from the Clinton Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

JOHN A. CROSS & SONS and E. C. HALL for appellant.

(1) The receipt of the check by respondent, by mail on the morning of the fourth of March was equivalent to an actual presentment and demand for payment at that time, the same as if handed over the counter by the holder. Viet v. Bank, 101 N. Y. 563; Bank v. Latimer, 64 Mo. App. 321, and authorities cited. (2) The respondents received the check by mail and gave credit therefor on the books of their bank to The National Bank of Commerce, which sent it to them. This was an acceptance which respondents are estopped to deny. Oddie v. Bank, 45 N. Y. 735; Bank v. Burns, 68 Ala. 267; Baltan v. Richards, 6 Tenn. Rep. 139; Titus v. Bank, 35 N. Y. 588; Wassan v. Lamb, 16 A. S. Rep. 343; Craig v. Hadley, 99

N. Y. 133; Bank v. Burkhardt, 100 U. S. 686; The
Law of Bank Checks by Van Schaack [4 Ed.], p.
81; Boon's Banks and Banking, sec. 182; Morse on
Banking [3 Ed.], 405, 406, 409, 663, 664; Bank v.
Land, 90 N. Y. 530; Bank v. McMichael, 106 Pa.
St. 464.

SIMRALL & TRIMBLE for respondents.

(1) The check was not sent to respondents for
acceptance.    Their duty was to present it for payment.
Bank v. Lattimer, 64 Mo. App. 321.    (2) Respond-
ents can not be held as actual acceptors of the check
because there was no acceptance in writing.    R. S.
1889, sec. 719.    (3) There was no refusal to return
the check as contemplated in section 724 of the
statutes.    Dickinson v. Marsh, 57 Mo. App. 566;
Rousch v. Duff, 35 Mo. 512; Matteson v. Moulton, 11
Hun. (N. Y.) 268, and 79 N. Y. 627.

SMITH, P. J.—The case here is this: The defend-
ants are private bankers doing business under the name
of the "Lathrop Bank."  One Johnson drew his check
on said Lathrop Bank in favor of plain-
STATEMENT.        tiff or bearer for $1,025, which was
indorsed by plaintiff to a St. Joseph bank and by the
latter it was indorsed to a Kansas City bank, which last
named bank sent it to the drawee bank with the in-
dorsement thereon:  "Pay for collection for account
of National Bank of Commerce."  The drawer had no
funds on deposit with the drawee bank out of which
the check could be paid.  The drawee bank retained
the check for two days and then caused the same to
be protested and returned to the said Kansas City
bank.  The check thus protested was returned to the
plaintiff.

The plaintiff brought this suit against the defendants, and amongst the several allegations of his petition was this one to the effect: "That on the 5th day of March, 1896, at the Lathrop Bank in Lathrop, Missouri, the defendants duly accepted the same by refusing to return said check to the plaintiff within *twenty-four* hours after the delivery of the same to defendants for acceptance. That no part of said check has been paid. Wherefore, plaintiff asks judgment for one thousand and twenty and 25-100 dollars, with statutory damages and costs."

This allegation of the petition was controverted by defendants' answer. There was a trial before the court, without the intervention of a jury. The plaintiff asked and the court refused an instruction to the effect: "If the finding of facts shows that the defendant bank was the drawee in the check in suit, and that said check was payable at sight or on demand, and that said defendants received the same through the mail in the usual course of business on the 4th day of March and did hold the same until the evening of March the 6th 'more than twenty-four hours' and then protest the same, the judgment must be for the plaintiff."

The finding and judgment was for the defendants. Plaintiff has appealed.

It is conceded the action is brought under the provisions of section 724, Revised Statutes, which provides: "Every person upon whom a bill of exchange may be drawn, and to whom the same shall be delivered for acceptance, who shall destroy such bill, or refuse, within twenty-four hours after such delivery, or within such period as the holder may allow, to return the bill accepted or non-accepted to the holder, shall be deemed to have accepted the same." If a "check" and a "bill of

BILLS and notes: check v. bill: statute.

exchange'' are one and the same, then the provisions of the statute just quoted can be successfully invoked by plaintiff in support of the theory upon which he seeks to hold defendants liable. If the converse of this proposition is true then he can not do so. Liability is not claimed on any ground of common law negligence. The whole case, really, is made to turn upon the construction that is placed upon the term ''bill of exchange'' as used in the section of the statute which has just been quoted.

It was declared by the supreme court of the United States in Bank v. Bank, 12 Wall. loc. cit. 647: ''Bank checks are not inland bills of exchange, but have many of the properties of such commercial paper; and many of the rules of the law merchant are alike applicable to both. Each is for a specific sum payable in money. In both cases there is a drawer, a drawee and payee. Without acceptance, no action can be maintained by the holder upon either against the drawer. The chief points of difference are that a check is always drawn on a bank or banker. No days of grace are allowed. The drawer is not discharged by the laches of the holder in presentment for payment, unless he can show that he has sustained some injury by the default. It is not due until payment is demanded, and the statute of limitations runs only from that time. It is by its face the appropriation of so much money of the drawer in the hands of the drawee to the payment of an admitted liability of the drawer. It is not necessary that the drawer of a bill should have funds in the hands of the drawee. A check in such case would be a fraud.''

''To these may be added,'' says Van Schaack on Bank Checks, page 27: ''*First.* A check is not protestable or, in other words, protest is not requisite to hold either the drawer or indorser, except in the case

of checks drawn by the state. *Second*. The death of the drawer of the check revokes the authority of the bank to pay, whereas the death of the drawer of a bill of exchange has no effect upon the duties of the other parties to the instrument. *Third*. A check holder can not demand its acceptance by the bank as a matter of right but the holder of a bill of exchange may require the drawee to accept it. *Fourth*. When a bill of exchange is bought after due, the holder is subject to all the equities attaching to it in the hands of the party from whom he receives it. But this rule does not apply to a check, for it is not treated as overdue, although it is taken by the holder some days after its date. On the contrary, the holder, in such case, takes it subject to no equities of which he has not notice at the time; for a check is not treated as overdue merely because it has not been presented as early as it might be, or as a bill of exchange is required to be, to charge the drawer, or indorser, or transferrer. One reason for this seems to be that, strictly speaking, a check is not due until demanded. And, therefore, it is not overdue until it has been presented for payment and payment refused."

In a Maryland case—Moses v. Bank, 34 Md. 574—it was said that a check comes within the general designation of a bill of exchange so far that the statute authorizing the protest of inland bills of exchange would include checks; "but it is erroneous," says Daniels on Negotiable Instruments, section 1566, "to ascribe to a check a necessary inland character. A draft drawn in one state on a bank in another is nevertheless a check." In Morse on Banks and Banking, section 380, it is said by that author: "To our mind the differential traits decidedly preponderate, and the more correct method is to treat the check as an altogether independent and distinct instrument from the bill of exchange, admit-

ting, at the same time, on some specific matters the resemblance between the two instruments is sufficiently strong to cause one and the same rule to cover and include them both." The author in the same connection says in effect that Grant on Banks and Banking [3 Ed.], p. 103, *et seq.*, presents such a formidable array of the points of dissimilarity as would seem to show that it is impossible thus to unite the two instruments into a single legal entity without creating infinite confusion, inconsistency and doubt. The points of dissimilarity are then given, which are substantially the same as those hereinbefore stated by us.

It must be conceded that there are respectable authorities that define a check to be a bill of exchange. Randolph on Com. Paper, sec. 8. The reasons given by the supreme court of the United States, in the case from which we have already quoted, for holding that a check is not a bill of exchange, seem to us to be sound and unanswerable. On all questions of general commercial law the decisions of this great court must be accepted as controlling authority. In looking at the various provisions of chapter 17, Revised Statutes, of which section 724 is a part, we find nothing to justify the conclusion that it was the intention of the legislature to include a check like that in this case within the designation "bill of exchange." Famous, Etc., Co. v. Crosswhite, 51 Mo. App. 55. It follows from these observations that the statute, section 724, *ante*, is wholly inapplicable to the case. We think the theory upon which the plaintiff seeks to hold defendants liable is erroneous, and therefore the trial court did not err in rejecting that theory and finding for the defendants.

The judgment is for the right party and will be affirmed. All concur.